UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PACCAR INC,

       Plaintiff,

v.                              Case No:  8:25-cv-02282-JLB-LSG

DIRECT COMPONENTS, INC.,

       Defendant.

                                    /

## **ORDER**

Plaintiff PACCAR Inc. moves to consolidate this case under the action with case number 8:23-cv-01839-SDM-CPT, filed by Direct Components, Inc., that involves the same parties.  (Doc. 18).  Plaintiff asserts that consolidation is warranted because the cases involve some similar issues.  (*Id.*).  For the reasons explained below, the motion is denied.

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted).  In exercising that discretion, district courts weigh the risk of prejudice and confusion caused by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits; the length of time required to conclude multiple lawsuits; and the relative expense of proceeding with separate

lawsuits if they are not consolidated. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

Under these standards, consolidation of Plaintiff's action with that of Defendant is not warranted. The two cases involve two separate transactions. Consolidation here would likely confuse the jury by conflating the transactions. Further, discovery is already closed in the related action, while discovery in the present action has only recently commenced. And importantly, the trial for the related action is soon to be underway. Dispositive motions have been fully briefed in that related action. The Motion to Consolidate in the present action was filed after the trial term began for the related action. Any consolidation would delay the imminent trial schedule, re-open discovery, and invariably increase motions practice. Rule 42(a) is not meant to consolidate a case in its trial term with a newly filed case, and it is within the court's discretion to decide on consolidation of multiple actions. *See Hendrix*, 776 F.2d at 1495.

For these reasons, the Court **DENIES** Plaintiff's motion to consolidate the present action under the action with case number 8:23-cv-01839-SDM-CPT. That said, in light of potential logistical issues that could occur as this case moves along and case number 8:23-cv-01839-SDM-CPT's impending trial proceeds, the Court would entertain a joint motion to stay this case until any logistical barriers created by these two cases are cleared.

**ORDERED** in Tampa, Florida on June 29, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE